IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01062-GPG

JEREMIAH J. KENNEDY,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO FILE SUPPLEMENT TO PRE-ANSWER RESPONSE

As part of the preliminary consideration of the second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) filed in this action July 13, 2015, the Court ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Construing the second amended application liberally, the court determined Applicant is asserting in this action the five claims he raised in the Petition for Writ of Certiorari (ECF No. 9 at 10-27) attached to the second amended application.

On July 28, 2015, Respondents filed a Pre-Answer Response (ECF No. 13) and on August 12, 2015, Applicant filed a Reply (ECF No. 14) to the Pre-Answer Response. Respondents contend in the Pre-Answer Response only that claims one and five are not cognizable habeas corpus claims because they are not federal constitutional claims. "Respondents do not assert the defense of untimeliness and do not assert the defense of failure to exhaust state court remedies." (ECF No. 13 at 7.)

The court must construe Applicant's claims in the second amended application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing Applicant's claims liberally, it appears that claim one can be read to assert a violation of Applicant's federal constitutional right to present a defense and that claim five can be read to assert a violation of his federal constitutional right to due process.

Because Respondents did not construe claims one and five in the second amended application as federal constitutional claims, Respondents did not address in the Pre-Answer Response whether those federal constitutional claims are exhausted. Therefore, Respondents will be directed to file a supplement to the Pre-Answer Response that addresses whether claims one and five in the second amended application, if construed as federal constitutional claims, are exhausted. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file a supplement to the Pre-Answer Response as directed in this order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of any supplement to the Preliminary Response** Applicant may file a Reply to the supplement, if he desires.

DATED August 17, 2015, at Denver, Colorado.

> BY THE COURT:
>
> S/ Gordon P. Gallagher
> _____
> United States Magistrate Judge