IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-01062-WJM

JEREMIAH J. KENNEDY,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**ORDER TO DISMISS IN PART**
_____

    Applicant, Jeremiah J. Kennedy, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Kennedy initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On June 10, 2015, Mr. Kennedy filed on the proper form an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) that did not assert any claims for relief. On June 12, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Kennedy to file a second amended application that identifies the claims he is asserting in this action.

    On July 13, 2015, Mr. Kennedy filed a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9). Although Mr. Kennedy does not list any claims for relief in the second amended application itself, he attaches to the second amended application a copy of the Petition for Writ of Certiorari he filed in state court that sets forth five claims for relief. (*See* ECF No. 9 at 10-26.) In an order

filed on July 14, 2015, Magistrate Judge Gallagher construed the second amended application liberally as asserting in this action the five claims he raised in the attached Petition for Writ of Certiorari and directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On July 28, 2015, Respondents filed their Pre-Answer Response (ECF No. 13) arguing that claims one and five are not cognizable habeas corpus claims because they are not federal constitutional claims.  "Respondents do not assert the defense of untimeliness and do not assert the defense of failure to exhaust state court remedies."  (ECF No. 13 at 7.)  On August 12, 2015, Mr. Kennedy filed his Reply (ECF No. 14) to the Pre-Answer Response.

In an order filed on August 17, 2015, Magistrate Judge Gallagher determined that, "[c]onstruing Applicant's claims liberally, it appears that claim one can be read to assert a violation of Applicant's federal constitutional right to present a defense and that claim five can be read to assert a violation of his federal constitutional right to due process."  (ECF No. 15 at 2.)  Therefore, Magistrate Judge Gallagher directed Respondents to file a supplement to their Pre-Answer Response that addresses whether claims one and five in the second amended application, if construed as federal constitutional claims, are exhausted.

On August 20, 2015, Respondents filed a Supplement to Pre-Answer Response (ECF No. 16) arguing that claims one and five in the second amended application are

2

unexhausted and procedurally defaulted. Mr. Kennedy has not filed a reply to the Supplement to Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the second amended application and other papers filed by Mr. Kennedy liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

## I. BACKGROUND

Mr. Kennedy is challenging the validity of his conviction in Arapahoe County District Court Case Number 07CR2692. He was tried jointly with a co-defendant and he was convicted of vehicular eluding, accessory to aggravated robbery, and four habitual criminal counts. The judgment of conviction was affirmed on direct appeal. *See People v. Kennedy*, 10CA1383 (Colo. App. Sept. 5, 2013) (unpublished) (ECF No. 13-2). On May 19, 2014, the Colorado Supreme Court denied Mr. Kennedy's petition for writ of certiorari. (*See* ECF No. 13-6.)

The Court agrees that Mr. Kennedy is asserting five claims for relief in this action. He specifically contends the trial court erred in denying his motion to sever his case from that of his co-defendant, which precluded him from introducing exculpatory evidence (claim one); the trial court erred in failing to suppress testimony regarding an out-of-court identification that was unduly prejudicial (claim two); the trial court erred in denying a motion for mistrial based on witness testimony that violated his Fifth Amendment right against self-incrimination (claim three); there was insufficient

evidence to convict him of vehicular eluding and accessory to aggravated robbery (claim four); and the trial court erred in failing to give a requested jury instruction regarding eyewitness identifications (claim five).

## II.  ONE-YEAR LIMITATION PERIOD

Respondents do not contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III.  EXHAUSTION OF STATE REMEDIES

Respondents concede that claims two, three, and four are exhausted.  With respect to claims one and five, Respondents contend that Mr. Kennedy failed to exhaust state remedies because he did not fairly present those claims to the Colorado appellate courts on direct appeal as federal constitutional claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Based on the Court's review of Mr. Kennedy's state court appellate briefs, the Court agrees that Mr. Kennedy did not raise either claim one or claim five on direct appeal as a federal constitutional claim. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

*Duncan*, 513 U.S. at 365-66.  Thus,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Mr. Kennedy did not label or otherwise identify claims one and five as federal claims in his opening brief on direct appeal.  (*See* ECF No. 13-3.)  He did refer to his rights to a fair trial and to present exculpatory evidence to the jury in connection with claim one in his direct appeal opening brief.  (*See* ECF No. 13-3 at 15-16, 18.)  However, these brief and generic references to a fair trial and his right to present exculpatory evidence are not sufficient to demonstrate he fairly presented claim one to the Colorado Court of Appeals as a federal constitutional claim.  *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (stating that a general appeal to a broad constitutional guarantee such as due process does not satisfy the exhaustion requirement).  Therefore, the Court finds that Mr. Kennedy fails to satisfy his burden of demonstrating claims one and five were fairly presented to the Colorado appellate courts as federal constitutional claims.

## IV.  PROCEDURAL DEFAULT

Although Mr. Kennedy fails to demonstrate claims one and five were fairly presented to the state courts as federal constitutional claims, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Kennedy no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.

6

Furthermore, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id*. Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

Respondents contend, and the Court agrees, that Mr. Kennedy no longer has an adequate and effective state remedy available to him. Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides, with limited exceptions not applicable to Mr. Kennedy, that the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding. Therefore, because Mr. Kennedy could have raised claims one and five as federal constitutional claims on direct appeal, Rule 35(c)(3)(VII) prevents him from raising them as federal constitutional claims in a postconviction motion.

The Court notes that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law.  The rule also is adequate because it is applied evenhandedly by Colorado courts.  *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding).  Finally, Mr. Kennedy presents no argument that this state procedural rule is not independent and adequate.

For these reasons, claims one and five are procedurally defaulted and cannot be considered unless Mr. Kennedy demonstrates either cause and prejudice or a fundamental miscarriage of justice.  Mr. Kennedy's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Kennedy must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Kennedy can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  Coleman, 501 U.S. at 750.

Mr. Kennedy has not filed a reply that addresses Respondents' arguments in the Supplement to Pre-Answer Response and there is no indication that he could

8

demonstrate either cause and prejudice or a fundamental miscarriage of justice. Therefore, claims one and five are procedurally barred and must be dismissed.

## V.  CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that claims two, three, and four are exhausted.  Claims one and five will be dismissed as unexhausted and procedurally barred.  Accordingly, it is

**ORDERED** that claims one and five in the second amended application are dismissed because those claims are unexhausted and procedurally barred.  It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims.  It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 3rd day of November, 2015.

BY THE COURT:

William J. Martínez
United States District Judge